UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS J. MACKINTOSH, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-4061 |
| SHAN JUMPER, et al., | ) |
| Defendants. | ) |

## OPINION

**JOE BILLY MCDADE, U.S. District Judge:**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. §

1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that Defendants, who provide him group therapy and evaluate his progress, are not licensed.  He asserts that the lack of licensing violates that United States Constitution.  He seeks $270,000 and his immediate release with no supervision.

The alleged lack of licensing might violate state professional standards or state law, but a violation of state law generally does not, by itself, violate federal law. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit."); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003)(The federal constitution does not "permit a federal court to enforce state laws directly.").  Plaintiff is

constitutionally entitled to adequate treatment for his mental disorder, as determined by professionals exercising their professional judgment, but the alleged lack of a state license does not plausibly suggest that the individuals who are treating Plaintiff are not professionals or are not exercising professional judgment. *See* Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals about mental health facility's operations afforded deference and violate the Constitution only if professional judgment not exercised).

Additionally, the legal path for Plaintiff to seek release from his confinement is, generally, to challenge his confinement in his state court commitment proceedings, then pursue all available state court appeals, and then pursue a habeas action in federal court. A legal challenge to detention cannot be made in a federal civil rights action for damages. Sweeney v. Bartow, 612 F.3d 571 (7th Cir. 2010)(*Younger* abstention doctrine counseled against federal court interference in ongoing state commitment proceedings under the Sexually Violent Persons Act); Varner v. Monohan, 460 F.3d 861 (7th Cir. 2006)(example of habeas action by sexually violent person challenging constitutionality of commitment procedures); DeWalt v.

Carter, 224 F.3d 607, 614 (7th Cir. 2000)(challenges to fact or duration of confinement must be pursued in habeas action, not in an action under 42 U.S.C. § 1983).

**IT IS ORDERED:**

    1.    Plaintiff's petition to proceed in forma pauperis is denied (3) because Plaintiff's allegations fail to state a federal claim and challenges to confinement may be pursued in federal court only through a habeas action, after exhausting state court remedies.

    2.    This case is dismissed, without prejudice to refiling as a habeas action after the exhaustion of state court remedies regarding Plaintiff's civil commitment.

    3.    No filing fee shall be assessed.

    4.    This case is closed. All pending motions are denied as moot (4, 5).

ENTERED: 3/28/2016

FOR THE COURT:

                                      **s/Joe Billy McDade**
                                      JOE BILLY MCDADE
                                  UNITED STATES DISTRICT JUDGE